IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

V.                         CASE NO. 5:13-CR-50079-TLB-001

IVAN JIMINEZ                                                            DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Ivan Jiminez's Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act (Doc. 259). He also filed his records from incarceration, including medical records (Doc. 260). The Government filed a Response and copies of Mr. Jiminez's immunization records (Docs. 263 & 264). Now that the Motion is ripe, and having reviewed all of these filings, the Court **DENIES** the Motion for the reasons explained below.

### I. BACKGROUND

Mr. Jiminez pleaded guilty to Count One of the Indictment for conspiracy to distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). After sustaining one of Mr. Jiminez's objections and granting certain adjustments, the Court calculated his total offense level as a 39 and his criminal history category as a II, which generated a Guideline range of 292 to 365 months. *See* Doc. 148. The Court sentenced him to 292 months, at the bottom of his Guideline range. (Doc. 147).

Mr. Jiminez is now 34 years old and has served approximately 94 months of his original sentence. He seeks compassionate release under 18 U.S.C. § 3582(c)(1) due to his Hodgkin's lymphoma and the threat posed to him by COVID-19. Mr. Jiminez's PSR

indicates that he suffered from Hodgkin's lymphoma at the time of his sentencing, see Doc. 131, p. 24, and his medical records further indicate that he is presently receiving treatment for it. See Doc. 260-1, p. 18. Moreover, he is housed at FCI Butner Low, a federal medical facility, due to that condition. Mr. Jiminez has already contracted COVID-19 once, and he has received two doses of the Pfizer-BioNTech vaccine. (Docs. 260-1, p. 29; 264-1, p. 1).

## II. LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("U.S.S.G.") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant

to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated or adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Jiminez's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Jiminez presents proof that he requested compassionate release from his warden in April 2020 and was denied such release in the same month. (Doc. 260-1, p. 45). Since more than 30 days have lapsed since he requested compassionate release, the Court finds that Mr. Jiminez has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

#### B. Extraordinary and Compelling Circumstances

Because Mr. Jiminez has already recovered from a COVID-19 infection, *see* Doc. 260-1, p. 29, his argument for compassionate release relies upon his ongoing risk of reinfection with COVID-19 and his inability to provide self-care due to his other medical conditions. Unfortunately, there is little evidence to support either of these contentions. As to Mr. Jiminez's risk of reinfection, that risk is speculative. The Centers for Disease Control and Prevention ("CDC") website states that "[c]ases of reinfection with COVID-19

3

have been reported, but remain rare." Ctrs. for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed June 7, 2021). In short, there is little basis for the Court to conclude that he faces any risk of reinfection. Other courts have agreed that the risk of COVID-19 reinfection does not, by itself, qualify as an extraordinary and compelling reason justifying compassionate release. *United States v. Molley*, 2020 WL 3498482, at *2–3 (W.D. Wash. June 29, 2020) ("That possibility [of reinfection] is not the same as the concrete and serious threat that infection poses to at-risk inmates, and it is not an extraordinary and compelling reason to release Molley from prison."); *but see United States v. Hanson*, 2020 WL 3605845, at *4 (D. Or. July 2, 2020) (noting that a prior infection of COVID-19 may not necessarily confer immunity). Moreover, he has received the Pfizer-BioNTech two-dose vaccine, which is purportedly 95% effective at preventing serious symptoms associated with a COVID-19 infection. Food and Drug Admin., Emergency Use Authorization for an Unapproved Product Review Memorandum, https://www.fda.gov/media/144416/download (last accessed June 7, 2021). In the Court's view, at this time, given the speculative risk of reinfection and Mr. Jiminez's vaccination status, the risk posed to him by COVID-19 does not constitute an extraordinary and compelling reason for compassionate release.

As for his Hodgkin's lymphoma, the Court acknowledges the seriousness of that condition. But Mr. Jiminez's medical records indicate that this condition is in remission and that the last recurrence was in 2012. *See* Doc. 260-1, pp. 18, 29. Indeed, in March 2020, his oncologist concluded that there was no evidence of recurrence. *Id.* at p. 18. In short, the Court sees nothing in the record to indicate that these conditions prevent him

4

from providing self-care within his correctional facility. Thus, Mr. Jiminez has failed to show that his Hodgkin's lymphoma presents an extraordinary and compelling reason justifying his release.

### C. Section 3553(a) Factors

Even if Mr. Jiminez were able to demonstrate extraordinary and compelling reasons for his release, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. The Court considers a number of such factors, including: "the nature and circumstances of the offense and the history and characteristics of the defendants;" and "the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, []to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[,] . . . and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)–(B), & (D).

All of these factors weigh against a sentence reduction. The Court sentenced Mr. Jiminez at the bottom of his Guideline range, in spite of the fact that he was held responsible for 59.2 kilograms of a mixture containing methamphetamine, one of the highest quantities ever seen by this Court. Moreover, counting from the date of his original arrest, he has only served approximately 32% (94 months) of his 292-month sentence. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, allowing Mr.

5

Jiminez to complete his prison sentence in 94 months would create a significant disparity with other defendants who have been held responsible for similarly large quantities of methamphetamine. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that a sentence of 292 months is just and fair under the totality of the circumstances.

For these reasons, even if Mr. Jiminez had demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify compassionate release.[1]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Ivan Jiminez's Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act (Doc. 259) is **DENIED**.

**IT IS SO ORDERED** on this 10th day of June, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Mr. Jiminez asks to serve the remainder of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where he serves his sentence. See 18 U.S.C. §§ 3624(c)(4), 3621(b).